# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KRISTA CABILTES, *individually, and on behalf of all others similarly situated*, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-00760 |
| L'ORÉAL USA, INC., and DOES *1 through 10, inclusive*, | Hon. Martha M. Pacold, *presiding* |
| Defendants. | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant L'Oréal USA, Inc. ("L'Oréal USA"), by and through its undersigned counsel, respectfully moves this Court for an Order dismissing the Complaint filed by Plaintiff Krista Cabiltes ("Plaintiff") with prejudice pursuant to the first-to-file rule because Plaintiff's Complaint asserts the same or substantially similar claims against L'Oréal USA as in *Kukovec v. L'Oréal USA, Inc.*, U.S.D.C. Case No. 1:22-cv-03829 (N.D. Ill.) ("*Kukovec*"). In the alternative, L'Oréal USA moves this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), for an Order dismissing the Complaint with prejudice, on the grounds that Plaintiff has failed to state a claim upon which relief can be granted. In support of this Motion, L'Oréal USA submits an accompanying Memorandum of Law and Request for Judicial Notice ("RJN"), incorporates by reference as if filed herewith the Declaration of Jessica Medow ("Medow Decl.") previously filed at Dkt. 25-2,[1] and states as follow:

1. Plaintiff first filed her Complaint, which alleges violations of Illinois' Biometric Information Privacy Act, 740 ILL. COMP. STAT. 14/1 *et seq*. (2008), ("BIPA"), in the United States District Court for the Central District of California, on or around June 26, 2023, almost one year after *Kukovec* was filed in this Court. On January 23, 2024, because there was no connection between Plaintiff and California or her allegations and California, as well as the earlier filed *Kukovec* case in this Court, the United States District Court for the Central District of California transferred this case to this Court pursuant to the first-to-file rule, finding substantial similarity between this case and *Kukovec*.

2. The BIPA violations Plaintiff alleges in her complaint are premised on Plaintiff's alleged visit to www.maybelline.com (the "Maybelline Website") and her alleged use of a virtual

---

[1] For the sake of judicial economy, L'Oréal USA does not refile the Medow Decl. herewith, but incorporates the previously filed version by reference. All citations to the Medow Decl., including exhibits attached thereto, are to the *Declaration of Jessica F. Medow in Support of Motion to Transfer, or in the Alternative to Dismiss*, filed at Dkt. No. 25-2, with exhibits filed at Dkt. Nos. 25-3 through 25-6.

try-on tool ("VTO Tool") on the Maybelline Website, where she allegedly recorded and uploaded a photograph to observe how unidentified Maybelline products would look if applied to her face. (*See* Dkt. 1 ¶¶ 24-26.) Based on this alleged visit to the Maybelline Website, Plaintiff asserts four counts under BIPA against L'Oréal USA: (1) under section 15(a), for allegedly failing to develop a publicly available written policy required by BIPA; (2) under section 15(b), for allegedly failing to provide written disclosures or obtain a written release prior to collecting Plaintiff's biometrics; (3) under section 15(c), for allegedly selling, leasing, trading, or otherwise profiting from Plaintiff's biometrics; and (4) under section 15(d), for allegedly disclosing, re-disclosing, or otherwise disseminating Plaintiff's biometrics. There are two primary reasons, however, as to why Plaintiff's Complaint is not viable and should be dismissed.

3. **First**, Plaintiff's Complaint should be dismissed with prejudice pursuant to the first-to-file rule because Plaintiff's Complaint asserts the same or substantially similar BIPA claims against the same defendant as in *Kukovec*, and requests substantially similar relief as in *Kukovec*. Indeed, the plaintiff in *Kukovec* is pursuing the same BIPA claims that Plaintiff asserts in this case on behalf of a putative class that includes Plaintiff. If Plaintiff's Complaint is not dismissed pursuant to the first-to-file rule, L'Oréal USA faces a risk of inconsistent judgments and potentially duplicative damages.

4. **Second**, Plaintiff's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) because Plaintiff does not adequately plead, and cannot adequately plead, a BIPA claim against L'Oréal USA. Plaintiff's Complaint suffers from the following fatal pleading defects:

- Plaintiff has not met her pleading burden for all four of her asserted BIPA claims because she has failed to allege, and cannot allege, that, how, or when L'Oréal USA collected or

2

possessed her biometrics, which is a requirement for all four of Plaintiff's BIPA claims. *See* 740 ILL. COMP. STAT. 14/15(a)-(d) (2008).

- Plaintiff has not pleaded and cannot plead a viable section 15(b) claim against L'Oréal USA because the VTO Tool that she allegedly accessed on the Maybelline Website is only accessible if a user consents to an existing BIPA-compliant Privacy Policy, which Plaintiff must have provided prior to using the VTO Tool. (*See* Medow Decl. ¶¶ 9, 10, 12.) That Privacy Policy provided Plaintiff adequate notice (1) that her biometrics may be collected or stored, and (2) about the purpose of the information collected, how the data is used, how long the information is stored, all potential recipients of data and corresponding limitations placed thereon, what could happen to user information if L'Oréal USA ceased to exist, and how users may request that L'Oréal USA not use their personal information. (*See* Medow Decl. Ex. D at 1-4, 6; RJN Ex. E at 1-5.)

- Plaintiff has not pleaded and cannot plead a legally cognizable section 15(a) claim against L'Oréal USA because the Maybelline Website that Plaintiff allegedly visited complies with the requirements of section 15(a) insofar as it contains a conspicuous, publically available Privacy Policy, which explains that: (1) L'Oréal USA may collect user images and personal information while using the available VTO Tool; (2) how long that information would be collected; and (3) how users may request deletion of collected information. (*See* Medow Decl. Ex. D at 4; RJN Ex. E at 2, 4-5.)

- Plaintiff's section 15(c) and section 15(d) claims against L'Oréal USA are legally deficient because the Complaint merely parrots statutory language and does not adequately allege facts to show that L'Oréal USA disclosed, re-disclosed, disseminated, sold, leased, traded, or otherwise profited from Plaintiff's biometrics. (*See, e.g.*, Dkt. 1 ¶¶ 72-73, 77, 79, 81.)

3

- Plaintiff has not adequately stated that L'Oréal USA intentionally or recklessly violated BIPA, requiring dismissal of Plaintiff's request for $5,000 in liquidated damages for each BIPA violation alleged in the Complaint.

5. For all these reasons, and for the further reasons set forth in the accompanying Memorandum of Law and RJN and incorporated Medow Declaration in support hereof, the Court should dismiss Plaintiff's Complaint with prejudice pursuant to the first-to-file rule, or, in the alternative, dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6) because Plaintiff has failed to state, and cannot state, a cognizable claim under BIPA against L'Oréal USA upon which relief can be granted.

Hence, L'Oréal USA respectfully requests that the Court grant its Motion and dismiss Plaintiff's Complaint with prejudice pursuant to the first-to-file rule or Rule 12(b)(6).

DATED: May 10, 2024

Respectfully submitted,

By: /s/ Aaron D. Charfoos
Aaron D. Charfoos
Adam M. Reich
John J. Michels III
PAUL HASTINGS LLP
71 S. Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
aaroncharfoos@paulhastings.com
adamreich@paulhastings.com
johnmichels@paulhastings.com

*Attorneys for Defendant L'Oréal USA, Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2024, a copy of the foregoing was filed electronically and served via CM/ECF upon the following parties:

Jerusalem Beligan
Bisnar Chase, LLP
1301 Dove Street, Suite 120
Newport Beach, CA 92660
jbeligan@bisnarchase.com

Leah M. Beligan
Beligan Law Group LLP
19800 MacArthur Boulevard, Suite 300
Newport Beach, CA 92660
lmbeligan@bbclawyers.net

Michael L Fradin
8 N. Court Street, Suite 403
Athens, OH 45701
mike@fradinlaw.com

                                             /s/ *Heather Copeland*
                                             Heather Copeland